## REES v. LEECH, et al.

1. EFFECT OF AMENDMENT: WAIVER. When the court refused to permit evidence offered by the defendant to go to the jury, on the ground that it was not pertinent to the issues made by the pleadings, whereupon the defendant obtained leave to amend and did amend his answer, setting up the facts sought to be established by the evidence offered, it was held that by pleading over he waived his objection to the ruling of the court.

2. DISCRETION. This court will not interfere with the exercise of the discretion of the court below when it is not shown that it has been abused to the prejudice of appellant.

*Appeal from Lee District Court.*

SATURDAY, JUNE 9.

THE plaintiff brought her action of replevin to obtain the possession of certain property taken by defendant Leech, as sheriff, to satisfy an execution in favor of the defendant Graham against the "Keokuk Post Company." The plaintiff in her petition claimed that she was the owner of the property levied upon by the sheriff, entitled to the immediate possession thereof, and that the same was wrongfully detained by the defendants.

The defendants in their answer merely take issue upon the allegations of the petition by denying the wrongful de-

tention, the ownership and rights of possession of plaintiff; admit and justify the taking by Leech, as sheriff, as charged in the petition.

Upon the issue thus made the parties proceeded to trial. After the jury were sworn the plaintiff introduced one Joseph Rees to establish the claim of plaintiff to the property in controversy.

The defendants upon cross-examination, asked the witness: "What was the consideration of the conveyance (of the property levied upon) to plaintiff, and who advanced the same?" At the same time this question was asked, the defendants advised the court that they expected to impeach said conveyance or transfer of the property to plaintiff, for fraud as against creditors, of whom the defendant was one at the time of such transfer.

The plaintiff objected to this character of evidence, for the reason that the question of fraud had not been raised by defendants in their pleadings. The objection was sustained by the court, whereupon the defendants asked and obtained permission of the court, to file an amended answer, setting up fraud in the sale of the property levied upon, by the said Post Company to plaintiff. The defendants were permitted to amend their answer. The terms imposed by the court upon defendants, for thus amending, were that the cause should stand continued, and the defendants to pay the costs. And judgment was rendered accordingly, from which order and judgment the defendants appeal.

*Noble & Strong* for the appellants, relied upon *Merienthal, Lehman & Co.* v. *Schafer*, 6 Iowa 223; *Quincy* v. *Hall*, 1 Pick. 357; *Gates* v. *Gates*, 15 Mass. 310; *Taylor et al.* v. *True et al.*, 7 Foster (N. H.) 220; *Belknap* v. *Wendell*, 1 Ib. 175; 3 Ind. R. 172; *Anderson et al.* v. *Talcott*, 1 Gilm. 365.

No appearance for the appellee.

BALDWIN, J.—We do not regard it as necessary for this court to pass upon the question mainly relied upon by the

appellants, to-wit, whether under the pleadings prior to the amendment, no fraud having been alleged, the defendants had a right to show that the plaintiff's title to the property was obtained through fraud.

When the defendants asked permission of the court to amend their answer, they submitted to the ruling of the court and thereby waived their objections to such ruling by pleading over. Had the defendants stood by their pleadings, and excepted to the ruling of the court, the question relied on by the appellants would have been properly before this court.

The penalty the court may impose upon a party thus asking permission to amend, is a matter left to the discretion of the court. There being nothing in the record to satisfy this court that this power of the court below has been wrongfully exercised, we think the order and judgment should be affirmed.

Judgment and order affirmed.