HOMER INGALLSBEE, Appellant, *v.* LUCY A. WOOD, Administratrix of John P. Wood, Respondent.

The liability of an innkeeper as an insurer, presupposes the relation of host and guest.

He is not responsible, except as an ordinary bailee for hire, for the safe-keeping of a horse left at the inn stable for the night, by one who is neither a lodger nor a guest.

*Held*, that in such a case, the innkeeper was not liable for the loss of the horse, by a fire which consumed the stable, the proprietor being free from negligence.

The case of *Mason* v. *Thompson* (9 Pick., 280), disapproved.

APPEAL from the Supreme Court. The action was by the plaintiff, as assignee of his father and brother, to recover the value of a horse and harness, left by the brother with the intestate, who was an innkeeper, the property having been burned with the defendant's barn.

The cause was tried before Judge POTTER, at the Washington Circuit, and evidence was given tending to establish the following facts:

The plaintiff's brother resided with his father. He had been recently married, and his wife still continued to reside with her mother, near the defendant's inn. He had been in the habit of leaving his horse, without charge, under the defendant's shed, when he visited his wife at his mother-in-law's, Mrs. Allen. On Sunday, the 1st of April, 1860, he made one of these visits, and left his horse in the morning under the defendant's shed. In the afternoon, having determined to remain over night at Mrs. Allen's, he went to the inn and directed the bar-tender to have the horse put in the stable and fed. This was accordingly done. He bought nothing at the defendant's, and neither stopped nor proposed to stop at the house. He lodged and took his meals with his wife at the residence of her mother. During the night a fire occurred, by which he lost his horse and harness, and the defendant lost his barn, without fault on the part of either.

The defendant on the trial moved for a nonsuit, and in the end the judge ordered the complaint to be dismissed. His decision was affirmed on appeal to the General Term, and the present appeal is from the judgment of affirmance.

*Isaac W. Thompson,* for the appellant.

*James Gibson,* for the respondent.

PORTER, J. As there was no negligence on the part of the intestate, he was not liable for the loss, unless he was an insurer of the property. There was no express contract of insurance, and none can be implied, unless it sprung from the relation of innkeeper and guest. No such relation existed between the parties. The horse was left at the stable by one who was not, and did not expect to be, a guest at the inn. There was no contract, either express or implied, except for the keeping of the animal for the night; and this created no other or greater liability than if the intestate, instead of being an innkeeper, had been the proprietor of a livery stable. The liveryman, like the agistor, has no lien on the property committed to his charge. (*Grinnell* v. *Cook,* 3 Hill, 486, 492; *Fox* v. *McGregor,* 11 Barb., 41; *Wallace* v. *Woodgate,* 1 Car. & Payne, 575; *Jackson* v. *Cummins,* 5 Mees. & Wels., 342.)

The liability of the innkeeper as an insurer presupposes the relation of host and guest. It had its origin in an ancient custom of the realm, which fixed the correlative rights and obligations of the parties, by securing to the traveler a special remedy for his goods, and to the host a specific lien for his charges. These were peculiar and mutual rights accessory to the particular relation. But an innkeeper is not restricted to the special business of his calling, and he is free to contract with those, who do not care to become his guests. When he receives property from one, who is neither a guest nor a traveler, the custom of the realm has no application. The property is subject to no lien and protected by no insurance. His obligation is simply that of an ordinary bailee for hire. (*Binns* v. *Pigott,* 9 Car. & Payne, 208; *Grinnell* v. *Cook,* 3 Hill, 485; *Hickman* v. *Thomas,* 16 Ala., 666; *Thickston*

v. *Howard*, 8 Blackf., 535 ; *Towson* v. *Havre de Grace Bank*, 6 Har. & Johns., 47.)

The theory of the appellant, that one who contracts for the stabling of his horse by an innkeeper, is constructively an inmate of his house, is supported by a case reported in Massachusetts, but we think that decision was made under a misapprehension of the law. (*Mason* v. *Thompson*, 9 Pick., 280.) Its correctness has since been questioned by the court in which it was pronounced. (*Berkshire Woolen Co.* v. *Proctor*, 7 Cush., 425–6.) The authorities, on which it rests for support, were fully considered in the able opinions delivered by Judge BRONSON, in the case of *Grinnell* v. *Cook*, and by Judges POTTER and BOCKES in the present case in the court below, and we think their reasoning conclusive against the doctrine, that an innkeeper can be held as an insurer of property, received from one who is neither traveler nor guest.

The judgment should be affirmed, with costs.

DAVIS, J. No question was submitted to the jury in this case, except as to the value of the property, which was assessed by them at $125. All other questions were reserved for consideration by the court, with consent of counsel. The court made no special finding of facts, but after hearing counsel, directed judgment to be entered for the defendant. The correctness of this practice is not now in question. There was no conflict in the testimony as to the material facts, and this court is to regard them as having been found as favorably to the defendant as the evidence would have permitted. The defendant's intestate was an innkeeper at Hartford, Washington county. The plaintiff's assignor was a farmer, residing a few miles from that village. He drove into the village on a Sunday morning for the purpose of attending church, and hitched his horse under the innkeeper's shed. After church, he went to his mother-in-law's, who lived in the same village, where his wife was then remaining, and became her guest for the night. He afterwards went to the inn and gave directions to put his horse into the stable for the night, which was done. On the fol-

lowing morning the stable of the inn was destroyed by fire without fault of the innkeeper or his servants, and with it the property, for which this action was brought, was lost.

Upon these facts the court held that the plaintiff's assignor was not a guest of the inn of defendant's intestate, and for that reason gave judgment for defendant. The General Term of the fourth district affirmed the judgment.

The decision was correct. The person who left the property in the innkeeper's care for the night, never became a guest of the inn, either actually or constructively. The authorities all agree that this relation must exist before the extraordinary liability of the innkeeper arises. The only difference between them is as to the state of facts necessary to create the relation. The question was very fully discussed in the late Supreme Court in the case of *Grinnell* v. *Cook* (3 Hill, 485), where the authorities are commented upon at length by Justice BRONSON; and although the facts of that case were different in some respects from those of the present case, yet the rule there laid down is the controlling one in this State, to wit, that one, who has neither been at an inn as a guest, nor intends going there in that relation, cannot be regarded as a guest, although he sends goods there to be taken care of by the innkeeper. The question was very fully considered in the court below in the admirable opinion of Mr. Justice POTTER, in which I fully concur.

I am for affirmance of the judgment.

All the judges concurring, the judgment was affirmed.