Peter Mowers et al., Respondent, *v.* Daniel Fethers, Appellant.

To enforce the strict common-law liability of an inn-keeper, the technical relation of guest and inn-keeper must be established.

An inn-keeper is not bound as such to furnish accommodations to enable a person to carry on trade or business; and, where he does so, as to property brought upon his premises for the purposes of such trade or business, the utmost limit of his liability is that of bailee for hire. (Earl and Dwight, CC., dissenting.)

Plaintiffs entered into an agreement with defendant, an inn-keeper, in substance that their stallion should be stationed at defendant's inn for two days in each week during the season, defendant to furnish necessary accommodations and a specified box-stall, also to furnish oats for the horse and meals for the man in charge, at a stipulated price less than the ordinary charge to travelers. Plaintiffs were to feed and care for their horse. Defendant's barn and the horse therein were destroyed by fire. The horse was there, under the contract, locked in the stall, of which one of the plaintiffs had the key. In an action against defendant as an inn-keeper, *held* (Earl and Dwight, CC., dissenting), that the relation of guest and inn-keeper did not exist, and that defendant's liability, if any, was not governed by the rules applicable to that relationship.

*Washburn* v. *Jones* (14 Barb., 198) distinguished; *Mowers* v. *Fethers* (6 Lansing, 112) reversed.

(Argued May 14, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order denying motion for a new trial, and directing judgment upon a verdict. (Reported below, 6 Lans., 112.)

This action was brought to recover for the loss of a stallion, harness and wagon, alleged to have been destroyed by fire while in defendant's charge as an inn-keeper, the complaint alleging that one of the plaintiffs, with the horse, stopped at defendant's inn, and was received as a guest. The answer alleged, in substance, that plaintiffs, for the purpose of making gain by the use of their stallion, designated several stations at which he would stand for mares during the season of 1865, one of which was at defendant's inn; that before the commencement of the season the parties entered into a special agreement, under and by which defendant was to give plaintiffs the exclusive use of a designated box-stall in his barn, in which to keep said stallion for two days in each week, defendant to furnish oats for the horse and meals for the man in charge, at prices which were less than the ordinary prices charged travelers. Plaintiffs were to feed, care for and groom their horse; that, under said agreement, one of the plaintiffs, with the horse and other property, was received at defendant's inn, and while so there, the stallion being locked in the stall by one of the plaintiffs, who retained the key, the barn and contents, including the horse and other property of plaintiffs, were destroyed by fire without any negligence on defendant's part.

The trial court held the special agreement and the loss thus set forth to have been proved substantially as stated, but declined to charge that plaintiff could only recover on proof of negligence, or that the plaintiff in charge of the stallion was not a guest, to which defendant excepted.

The court charged that the relation of guest and inn-keeper did exist, and directed a verdict for plaintiffs for the value of their property, to which defendant's counsel duly excepted.

A verdict was rendered accordingly, and exceptions were ordered to be heard at first instance at General Term.

*J. E Dewey* for the appellant. Plaintiffs were not guests at defendant's inn. (*Ambler* v. *Skinner*, 7 Robt., 561, 563 ; 2 Pars. on Con. [5th ed.], 150, 151; *Carter* v. *Hobbs*, 12 Mich., 52 ; Story on Bail., 423, § 476 [8th ed.] ; *Thompson* v. *Lacy*, 3 B. & Ald., 283 ; *Parkhurst* v. *Foster*, 1 Salk., 387 ; *Dausey* v. *Rich*, 3 E. & B., 144 ; *King* v. *Ivers*, 7 C. & P., 213 ; *Seward* v. *Seymour*, Anthon's Law Student, 51 ; *Wintermute* v. *Clark*, 5 Sandf., 247 ; *Willard* v. *Reinhard*, 2 E. D. S., 148 ; *Cromwell* v. *Stephens*, 3 Abb. [N. S.], 34–36 ; 2 Daly, 15 ; *Stewart* v. *McReady*, 24 How. Pr., 62 ; *Walling* v. *Potter*, 35 Conn., 183–185 ; *Vance* v. *Throckmorton*, 5 Bush [Ky.], 41 ; *Bennett* v. *Wilson*, 5 T. R., 273 ; *Manning* v. *Wells*, 9 Hampt., 746.) Defendant was not liable as an inn-keeper to the plaintiffs, as they were at his inn under a special contract and for business purposes. (2 Pars. on Con. [5th ed.], 153 ; *Grennill* v. *Cook*, 3 Hill, 488 ; *Ingallsbee* v. *Wood*, 36 Barb., 455 ; aff'd, 33 N. Y., 577 ; *Kisten* v. *Hildebrand*, 4 B. Mon., 73 ; *Neal* v. *Wilcox*, 4 Jones [N. C.], 146 ; *Hanby* v. *Smith*, 25 Wend., 642 ; Story on Bail., 423, §§ 476, 487 ; *Smith* v. *Dearlove*, 6 M., G. & S., 132 ; *Burgess* v. *Clements*, 4 M. & S., 306 ; 3 Kent's Com., 596 ; *Farnsworth* v. *Packwood*, 1 Stark., 249 ; 1 Hoyt, 209 ; *Richmond* v. *Smith*, 8 B. & C., 9 ; *Fell* v. *Knight*, 8 M. & W., 269 ; Edw. on Bail., 394, 400 ; *Purvis* v. *Coleman*, 21 N. Y., 116 ; Bac. Abr., tit. Inn ; 5 Moor [Sir F.], 877 ; Roll. Abr., 3.)

*Nathaniel C. Moak* for the respondents. A landlord is an insurer of property committed to his custody by a guest. (*Hulett* v. *Swift*, 33 N. Y., 571 ; *Ramaley* v. *Leland*, 43 id., 539, 541 ; *Bernstein* v. *Sweeny*, 33 N. Y. Supr. Ct. R., 275.) Defendant was liable as an inn-keeper for plaintiff's horse. (*Washburn* v. *Jones*, 14 Barb., 193 ; *Lima* v. *Dwinelle*, 7 Alb. L. J., 44 ; *Krohn* v. *Sweeny*, 2 Daly, 200 ; *Pinkerton* v. *Woodward*, 33 Cal., 557 ; *Berk. Woolen Co.* v. *Proctor*, 7

Cush., 417; *Norcross* v. *Norcross*, 53 Me., 169; *Parker* v.
*Flint*, 12 Mod., 255; *Mallory* v. *Tiv. R. R. Co.*, 39 Barb.,
488; *Seymour* v. *Cook*, 53 id., 451; *Mudgett* v. *Bay State, etc.*,
1 Daly, 151; *Cayle's Case*, 8 Coke, 32; *Macklin* v. *N. J.
Stbt. Co.*, 7 Abb. [N. S.], 229; *Buddenberg* v. *Burner*, 1
Hilt., 84; *Van Wyck* v. *Howard*, 12 How., 147, 151; Bac.
Abr., tit. Inns, C. 5; Bouv. Inst., § 1016; *Bennett* v. *Miller*,
5 T. R., 274; *McDonald* v. *Edgerton*, 5 Barb., 563; *Allen*
v. *Smith*, 12 C. B. [N. S.], 636 [104 E. C. L.]; *Walling* v.
*Potter*, 9 Am. L. Reg. [N. S.], 618; *Pinkerton* v. *Wood-
ward*, 33 Cal., 602; *Clute* v. *Wiggins*, 14 J. R., 175; *Piper*
v. *Manny*, 21 Wend., 282; *Snyder* v. *Griss*, 1 Yeates, 34;
*Hulett* v. *Swift*, 33 N. Y., 571; *Townson* v. *H. de G. Bk.*,
6 H. & J., 47; *Matur* v. *Brown*, 1 Cal., 221; *Burgess* v.
*Clements*, 4 M. & S., 306; 1 Stark. N. P., 251; *Hawley* v.
*Smith*, 25 Wend., 642; *Neal* v. *Wilcox*, 4 Jones [N. C.],
146; *Manning* v. *Wills*, 9 Hampt. [Tenn.], 746; *Walling* v.
*Potter*, 35 Conn., 185.)

REYNOLDS, C. An inn-keeper at common law, has been
said to be the keeper of a common inn for the lodging and
entertainment of travelers and passengers, their horses and
attendants, for a reasonable compensation. (5 Bacon Abr.,
[Inns, etc.], 228; Story on Bailments, § 475.) The person or
persons undertaking this public employment were bound to
take in and receive all travelers and wayfaring persons, and
to entertain them for a reasonable compensation, if by any
possibility they could be accommodated, and the inn-keeper
was bound to guard the goods of his guests with proper dili-
gence. (5 Term R., 274; 2 Barn. & Ad., 285; 1 Carr. & K.
404; 7 Carr. & P., 213; 4 Exch., 367.) The common-law
rule has been generally followed by the courts in this country
save so far as it has been modified by statute. The duties,
rights and responsibilities of an inn-keeper are in most respects
kindred to those of a common carrier, but in order to enforce
the strict common-law liability of an inn-keeper, the tech-
nical relation of guest and inn-keeper must be established,

and the question is whether it existed in the present case. I think it did not, for reasons now to be suggested.

It seems to be apparent from the nature of the duties and obligations of the keeper of a common or public inn, that he is not, in his capacity of inn-keeper, bound to receive or furnish accommodations for persons desirous of exposing their commodities for sale, or bound to permit his establishment to be made a depot for the propagation of horses.

He is doubtless bound to receive and entertain a strolling peddler, and securely guard his pack of trinkets if brought *infra hospitium*, so long as he remains a mere guest. So, also, would he be bound to receive and entertain a wayfarer, encumbered with a stallion, but under no obligation as an inn-keeper to allow his curtilage to be turned into an asylum for the breeding of horses. It is very manifest in this case that the sojourn of the plaintiff Eggner, with the horse, at the defendant's inn, was not that of an ordinary traveler. The purpose and object was entirely different, and the defendant, as an inn-keeper, was under no common-law obligation to receive and entertain the plaintiff Eggner and his horse for such a purpose, and where he is not bound to receive and entertain the person as his guest, the strict rule of common-law liability for the preservation of his property does not obtain. The obligation to respond for injury to property, depends upon his duty to receive and entertain as an inn-keeper, and they must stand or fall together. (*Grennell* v. *Cook*, 3 Hill, 485; *Ingalsbee* v. *Wood*, 36 Barb., 455; S. C., 33 N. Y., 577; *Hulett* v. *Swift*, id., 571.) The arrangement by which the plaintiff Eggner, with his horse, occupied the premises of the defendant two days in each week, was made beforehand, and was to continue during the season, for serving mares that should be brought to the inclosure. The stall that the horse was to occupy was selected, and some other conveniences incident to the business to be carried on were also provided for. The plaintiff Eggner was himself to groom and take care of the horse, and

Statement of case.

when occupying the stall selected for his accommodation he had it under a lock and key of his own. The price of oats for the horse and of meals for Eggner was fixed at prices less than charged ordinary travelers. Under this condition of facts it appears to me obvious that Eggner did not come for entertainment at the defendant's inn as an ordinary wayfarer, but under a special arrangement previously made. In such case the utmost limit of the defendant's liability was that of an ordinary bailee for hire.

The case of *Washburn* v. *Jones* (14 Barb., 193), has no analogy to this. There the defendant was made liable for negligence in fact in the construction of the stall, by reason of which the horse received the injury, and that liability would follow if he was to be regarded merely as an ordinary bailee.

In the case at bar, I think, there should be a new trial.

Lott, Ch. C., and Gray, C., concur.

Earl and Dwight, CC., dissent.

Judgment reversed, and new trial ordered.