McDonald & Co. v. Bennett.

---

McDONALD & CO. v. BENNETT.

1. **Lien**: LIVERY STABLE KEEPER HAS NONE. A livery stable keeper has no lien for care and feeding upon a horse delivered to him for keeping, in the absence of a special agreement therefor.

2. ———: CONSTRUCTION OF STATUTE. Such a lien is not conferred by section 2177 of the Code.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, MARCH 20.

THIS is an action of replevin for one span of bay horses and other property, the possession of which plaintiff claims under a chattel mortgage executed to him by one Frank Robinson.

The defendant denies plaintiff's right to the possession of the property, and alleges that from the 20th day of June to the 17th day of November, 1875, he kept, cared for and fed said property under a contract with the owner thereof, Frank Robinson; that his charges have not been paid, and he has a lien thereon until his charges are paid. The cause was tried

by the court and judgment was rendered for the plaintiff. Defendant appeals.

*Sapp & Lyman*, for appellant.

*R. P. Foss* and *E. R. Paige*, for appellee.

DAY, J.—The court found the facts to be substantially as follows: On the 5th day of September, 1874, Frank Robinson, the owner of the property in controversy, executed a chattel mortgage thereon to plaintiff, which was recorded on the 10th day of September, 1874. The mortgaged property was permitted to remain in the possession of the mortgagor. On the 20th day of June, 1875, Robinson employed the defendant, who is a livery stable keeper, to feed and care for the property in controversy, and delivered it to the defendant, who kept the same until it was taken from him on the writ of replevin, and was to receive six dollars per week for his care and feed. At the commencement of the suit there was due the defendant for keeping the property the sum of $116.91. Defendant had no actual notice of the mortgage. Before the commencement of suit plaintiff demanded the property in dispute, and the defendant refused to deliver the same till his charges were paid. As a conclusion of law the court found that defendant has no lien on the property in dispute as against the plaintiffs.

I. It is fully settled that at common law a livery stable keeper has no lien for his care and feeding upon horses left 1. LIEN: livery with him. Such lien exists in favor of an inn-stable keeper has none. keeper, principally upon the ground that he is bound to entertain and provide for any one who presents himself in proper condition as a guest. The keeper of a livery stable is under no such obligation to take and feed the horse of a customer. Of the many cases cited by appellant not one of them sustains the existence of a lien in favor of the keeper of a livery stable, except *Young v. Kimball*, 23 Penn. St., 193, and in that case the lien was created by statute. In *Grinnell v. Cook*, 3 Hill, 485, it is said: "The right of lien has always been admitted where the party was bound by law to receive the goods; and in modern times the right has been

extended so far that it may now be laid down as a general rule that every bailee for hire, who by his labor and skill has imparted an additional value to the goods, has a lien upon the property for his reasonable charges. This includes all such mechanics, tradesmen and laborers as receive property for the purpose of repairing, or otherwise improving its condition. But the rule does not extend to a livery stable keeper for the reason that he only keeps the horse, without imparting any new value to the animal. And besides, he does not come within the policy of the law which gives the lien for the benefit of trade. Upon the same reasons the agister or farmer who pastures the horses or cattle of another has no lien for their keeping unless there be a special agreement to that effect." The same doctrine is announced in the following cases: *Bevan v. Waters*, 3 C. & P., 520; *Miller v. Marston*, 35 Maine, 153; *Fox v. McGregor*, 11 Barb., 41; *Judson v. Etheridge*, 1 Cr. & M., 743; *Jackson v. Cummins*, 5 M. & W., 341; *Hickman v. Thomas*, 16 Ala., 666.

II. Appellant claims, however, that a lien is given by section 2177 of the Code. This section is as follows: "Per-

2. ——: construction of statute.

sonal property transported by or stored or left with any warehouseman, forwarding and commission merchant, or other depository, express company or carriers, shall be subject to a lien for the just and lawful charges on the same, and for the transportation, advances and storage thereof." It is claimed that the words *other depository* include a livery stable keeper. It is not necessary, perhaps not proper, that we should now undertake to put a definitive construction upon this section, and declare to what it does and does not apply. It is sufficient in this case to say that in our opinion it does not give a livery stable keeper a lien upon the horse of a customer fed at his stable. No one would think of saying that his horse kept at a livery stable to be fed was deposited with the keeper of the stable, or that the livery stable keeper was the depository of the horse. The judgment is

AFFIRMED.