## COOK v. SHATTUCK.

(Supreme Court, General Term, Third Department. November 22, 1892.)

AGISTMENT—LIEN.

Under Laws 1880, c. 145, (Rev. St., 8th Ed., p. 1422,) which provides that persons keeping animals at pasture for hire under an agreement with the owner shall have a lien thereon until all charges under such agreement shall be paid, the buyer of a mare with foal, agreeing that the seller shall have the colt when four months old, has no lien on the colt for the amount the seller agreed to pay for the use of the mare in the nurture of the colt.

Appeal from circuit court, Essex county.

Replevin by Joseph Cook, as surviving administrator of William H. Cook, deceased, against Elmer S. Shattuck. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Robert Dornburgh, for appellant.

Hand, Kellogg & Hale, (Richard L. Hand, of counsel,) for respondent.

HERRICK, J. This is an action in replevin, brought by the plaintiff to recover from the defendant possession of a colt. The only facts material to be considered in the case are these: The plaintiff sold to the defendant a mare. The plaintiff was to have the colt of which the mare should be delivered the following season. He was to have it when it was of the age of four months. The defendant took possession of the mare. Subsequently it was delivered of a colt. When the colt was of about the age of four months, the plaintiff sent his agent to the defendant to obtain the colt. The defendant refused to deliver the colt unless the plaintiff paid $35 for the use of the mare. Subsequently the plaintiff by his attorney made a written demand for the delivery of the colt. The defendant, through his attorney, stated that the defendant claimed a lien upon the colt for the sum of $35 for the use of the mare and the care and keeping of the colt. These facts are undisputed. The defendant testified that the plaintiff agreed at the time of the sale of the mare that he would pay him $35 for the use of the mare. The plaintiff expressly denies it. In his answer the defendant claims a lien upon the colt for the use of the mare, and the care and keeping of the colt; and if it is not allowed as a lien, and a delivery be adjudged to the plaintiff, that then he be permitted to recover the same as a counterclaim. I do not think the defendant's claim constitutes any defense to the action, and that the court properly directed a verdict for the plaintiff. Upon the facts as claimed and stated by the defendant, he had no lien upon the colt. Grinnell v. Cook, 3 Hill, 485; Bissell v. Pearce, 28 N. Y. 252; Ingallsbee v. Wood, 33 N. Y. 577. There is no claim of any agreement with the plaintiff by which the plaintiff agreed to pay him anything for the care or keep of the colt; hence he has no lien under the statute, (chapter 145, Laws 1880.)[1] If, as defendant claims, the plaintiff agreed to pay him $35 for the use of the mare, that, in the absence of any special agreement, would not give him a lien upon the colt, and he should have delivered the colt to the plaintiff upon demand, and sought his remedy upon the contract. Crommelin v. Railroad Co., *43 N. Y. 90, and cases cited. Of course the charge for the pasturage and care of the colt, after defendant refused to deliver it to the plaintiff, con-

[1] Laws 1880, c. 145, (Rev. St., 8th Ed., p. 1422,) provides that "it shall be lawful for all persons keeping any animals at livery or pasture, or boarding the same for hire, under any agreement with the owner thereof, to detain such animals until all charges under such agreement for the care, keep, pasture, or board of such animals shall have been paid: provided, however, that notice in writing shall first be given to such owner in person, or at his last-known place of residence, of the amount of such charges, and the intention to detain such animal or animals until such charges shall be paid. * * *"

stitutes no claim against the plaintiff, if the defendant was in error in his refusal to deliver the colt to the plaintiff. Judgment should be affirmed, with costs. All concur.