(62 App. Div. 588.)
### HASSETT v. SANBORN.

(Supreme Court, Appellate Division, Third Department.   June 28, 1901.)

1. REPLEVIN—BAILMENT—PLEDGE.

Where plaintiff purchased a horse at a foreclosure sale, but allowed the mortgagor to retain possession of it, and the mortgagor agreed with the proprietor of a livery stable that he should hold the horse as security for money due for the keeping of this and another horse, such agreement did not bind plaintiff, but he was entitled to recover possession of the horse.

2. SAME—PLEADING—LIEN.

Where, in an action to recover possession of a horse, defendant claimed possession under an agreement with plaintiff's bailee, such possession cannot be justified by a claim of a lien, when no such claim is pleaded or made on trial.

Appeal from trial term, Chemung county.

Action by J. John Hassett against John Sanborn. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

This action was brought to recover the possession of a horse. The complaint alleged that the plaintiff was the owner of a certain horse, which the defendant, who kept a livery stable, refused to deliver to the plaintiff. The answer denied the plaintiff's ownership, and claimed the right to the possession of the horse under an agreement made with one Emory G. Drake, from whom the defendant received it, that defendant should hold it as security for board and care furnished by him for this and another horse. The action was tried in the city court of Elmira before the city judge and a jury, who awarded possession of the horse to the defendant. The judgment entered on the verdict was, on an appeal therefrom, reversed by the county court of Chemung county, and from such judgment of reversal this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Francis X. Disney, for appellant.
Frederic H. Farr, for respondent.

EDWARDS, J.   The undisputed evidence clearly established the fact that at the sale under the foreclosure of the chattel mortgage made by Drake the plaintiff became the owner of the horse in question. He thereafter permitted Drake to use the horse for its keeping until the plaintiff could dispose of it. Instead of keeping the horse in his own barn, Drake, without the authority or knowledge of the plaintiff, made an arrangement with the defendant, who was a livery stable keeper, for the keeping of this and another horse, and thereafter agreed that the defendant might hold this horse as security for the amount due him for the care and keeping of both. On learning that the defendant had the custody of the horse, the plaintiff demanded possession, which was refused. The agreement between Drake and the defendant was not binding on the plaintiff. As against him, the defendant had no right to hold the horse by virtue of the pledge of the same to him by Drake. That the naked possession of a chattel confers no authority upon the bailee to dispose of the same by sale or pledge, without the consent of the owner, needs no citation of authorities. Nor could the judgment for the defendant

be sustained on the ground of a lien outside of the agreement, for the reason that no such claim was set up in the answer or made on the trial. Had it been set up, it would have been of no avail as a defense. At common law the defendant had no lien on the horse for its keeping. Fox v. McGregor, 11 Barb. 41. Nor had he a lien under the statute, for the reason that the board was not furnished "under an agreement with the owner." Laws 1897, c. 418, § 74.

The judgment of the county court should be affirmed, with costs. All concur.