## VULGAMORE V. STODDARD *et al.*

1. Judicial sale: RENT AND PROFIT. The purchaser of mortgaged premises at a judicial sale which was subsequently set aside, is not liable for waste or rent accruing between such sale and the order annulling it, if the possession of the premises was taken by another without his knowledge or consent, if he was in no manner connected with the acts of the tenant.

Vulgamore v. Stoddard.

*Appeal from Louisa District Court.*

THURSDAY, JUNE 28.

PLAINTIFF seeks the foreclosure of a mortgage of date May 12, 1860, to secure three notes, on the last of which he claims there is due three hundred and fifty dollars.

It seems there had been a prior foreclosure; property sold thereunder; the sale set aside, and defendants now claim a set-off for the rent of the premises while held under said sale, and for injury to timber, &c. The issues made were submitted to a jury, who found $200 for defendant on the set-off and that this exceeded the amount due on the note, by $4.87, and for this sum defendants had judgment, and plaintiff appeals.

*D. N. Sprague* and *J. Tracy* for the appellant.

*D. C. Cloud* for the appellees.

WRIGHT, J. — The judgment was not warranted by the testimony, and the court below erred in overruling plaintiff's motion for a new trial.

<span style="float:left">1. JUDICIAL SALE: rents and profits.</span>

In the first place, there was due on the note at the time of verdict, within a few cents of $225, and assuming that the finding in favor of defendant ($200) was correct, there should have been judgment in favor of plaintiff for the balance, $25. Aside from this, however, there was no testimony to warrant the jury in assessing defendant's damages at $200.

Assuming that plaintiff was in possession of the premises, either by himself or agent, under the first sale (of which we find, however, no proof in the record) the testimony as to the rent and value of timber taken, could not possibly have justified an allowance beyond one hundred

dollars, if so much. And this, too, without taking into account the fact that those in possession made improvements which were of value to the freehold. But when it is remembered that the possession was in another, not the agent of, nor holding under plaintiff, the incorrectness of holding him responsible for the rents and injury to timber is but too apparent.

It is probable that the record may not disclose all the facts, or the true state of the transaction in this respect. But, as it stands, we find nothing to justify the belief that plaintiff directly or indirectly received the benefits of such possession, or should be held liable for the damages claimed. Though plaintiff bought the premises, yet, if the possession was taken by another without his knowledge or consent, if he was in no manner connected with the acts of the tenant, he would not be responsible for the damages claimed.

As the verdict was against the evidence, the judgment is reversed and remanded, and *venire de novo* awarded.

Reversed.