## Hays v. Turner.

1. **Practice: NONSUIT: WHEN NOT ALLOWED.** Under section 3127 of the Revision, a plaintiff cannot take a nonsuit after the case has been finally submitted to the court.

2. **Amendment: DISCRETION.** The subject of amendments necessarily rests to a great extent in the discretion of the court below; and where, after the final submission of the cause to the court, and its finding of facts had been made, and its conclusions of law thereon stated, the plaintiff asked leave to amend his petition by adding another count charging the defendant in a new capacity, which was refused, the Supreme Court declined to interfere, holding that there

Hays v. Turner.

was no such abuse of discretion in this action of the court below, as to justify a reversal. DILLON, J., and COLE, J., not concurring.

3. **Innkeeper:** WHEN NOT LIABLE FOR LOSS OF GOODS. Plaintiff, after remaining as a guest several days at defendant's inn, paid his bill and departed, leaving his trunk at the inn, and stating to the landlord that he would return in three or four days. During his absence the innkeeper delivered the trunk to a person who was not entitled to receive it, whereby it became lost to the plaintiff. Plaintiff, after an absence of several days, returned to the inn. *Held*, in an action against defendant as an innkeeper, and not as bailee, that when plaintiff departed from the inn, the relation of landlord and guest terminated, and that defendant was not liable as an innkeeper for the loss of the goods.

4. —— STATEMENT OF RULES: INANIMATE PROPERTY. The same rule does not apply in the case of inanimate property as in that of a horse or the like; for in the latter, the host would receive benefit by the continuance of the horse with him, but in the former he would receive no benefit.

5. —— IMMEDIATE RETURN OF GUEST: WHERE HE CONTINUES CHARGEABLE. And a different rule would prevail if the guest leaves, intending to, and actually does return the same day; or if, though absent, he continues to be charged for his board.

6. —— BAILEE. In affirming the judgment below, the court ordered that plaintiff might, if he was so advised, bring a new action charging defendant as an ordinary bailee.

*Appeal from Pottawottamie District Court.*

WEDNESDAY, JULY 31.

'THE petition claims $160 of defendant as an innkeeper, for the loss of a trunk and contents. From the testimony the court found the following facts:

1. Defendant was an innkeeper in the city of Council Bluffs, in the latter part of August, 1866.

2. At that time plaintiff stopped at said inn as a guest, having with him his trunk and the contents substantially as claimed in the petition.

3. After remaining as a guest aforesaid, from six to ten days, plaintiff, looking as he was for a location in which to set up his trade, paid his bill, except twenty-five cents, and departed for Magnolia, in Harrison county, leaving his trunk, and stating to the landlord that he would return to his inn in three or four days.

4. During his absence, defendant delivered his trunk to a third person, without right, and the same was entirely lost to plaintiff.

5. After an absence of from four to seven days, plaintiff returned and stopped at said inn.

And the court found as conclusions of law :

1. The petition charges defendant in the capacity of an innkeeper alone and not as bailee.

2. That when plaintiff left for Magnolia, the relation of landlord and guest was terminated, and defendant's liability as an innkeeper for the baggage left behind was at an end.

After these facts were thus found, and the conclusions of law stated, and as the court was about to pronounce judgment, and order the same to be entered of record, plaintiff asked leave to amend his petition, by adding a count charging the defendant as bailee. This was refused, and thereupon plaintiff asked leave to dismiss his case, and take a nonsuit, which was also refused. Judgment for defendant; plaintiff duly excepted and appeals.

*Clinton & Sapp* for the appellant.

*Mynster & Hight* for the appellee.

WRIGHT, J.—*First.* As to the right to dismiss. This is conclusively settled by section 3127 of the Revision.

1. PRACTICE: nonsuit: when not allowed. By this, it is declared that an action may be dismissed by the plaintiff, without prejudice to a future action, *before the final submission* of •the

Hays v. Turner.

cause to the jury, *or to the court*, when the trial is by the court. And by the next section it is declared that, except in the cases enumerated in section 3127, upon the trial of the action, the decision must be upon the merits. In refusing the plaintiff to take a nonsuit, therefore, the court did not err.

*Second.* Was there such error in refusing leave to amend as to justify interference? Our statute goes to the utmost verge of liberality in allowing amendments. But the right is not "absolute and unconditional; it is to be allowed in furtherance of justice, under a sound judicial discretion." We would not sanction a violation of either the letter or spirit of the statute, and yet we must necessarily leave such matters very much to the discretion of the court below. And to this effect are the cases. In *Hatfield* v. *Gano* (15 Iowa, 177), plaintiff asked leave to amend after the cause had been submitted to the jury. This was refused, and it was held on appeal that no such case was presented as would justify the inference that the discretion reposed in the trial court had been abused. See also *Brockman* v. *Berryhill*, 16 Iowa, 183, where the rule is well stated, and the sections of the Revision applicable, cited. Also *Dunton* v. *Thorrington*, 15 Iowa, 217; *Floyd* v. *The Mayor, etc.*, 18 Id. 388; *Harvey* v. *Spaulding*, 7 Id. 423; *Wilson* v. *Johnson*, 1 G. Greene, 147; *Hull* v. *Doran*, 6 Iowa, 433. So that while we think the court below might, in this case, have allowed the amendment, and while this course, upon proper terms, would have accorded better with our views, still plaintiff could not claim it as an absolute right, and we could not consistently with rules long and well settled, say that there was such error as to justify a reversal.

*Third.* And now, finally, did the facts found justify the judgment? And here the question is, had the rela-

**3. INNKEEPER: when not liable for loss of goods.** tion of guest and innkeeper terminated, or rather did it exist at the time of the loss? Upon principle and authority we believe the decision was right. The property lost was goods — dead goods — and the same rule does not obtain as if it had **4. —— statement of rules: inanimate property.** been a horse or the like. For, in the latter case, the host would have had "benefit by the continuance of the horse with him." In the former, he would have "no benefit, and therefore the host should not be charged with loss in the absence of the guest." 5 Bacon's Ab. 234, 235.

Nor would the rule be the same if the guest leaves, intending to, and actually should, return the same day; **5. —— return of guest.** or, if it appeared, that though absent, he was liable all the while for his board. The case is put upon its own facts. With other cases we have nothing to do at present. The following authorities may be consulted as sustaining the judgment of the court below. *Gelley* v. *Clark*, Cro. Jac. 188; 2 Parsons on Con. 153, 154; *Grimmell* v. *Cook*, 3 Hill, 485; *York* v. *Greenough*, 2 Lord Raym. 866; 5 Barb. 560; 6 Har. & J. 47; 26 Vt. 316; *S. C.* 28 Id. 387: *Ingallsbee* v. *Wood*, 33 N. Y. 577; *Thickstun* v. *Howard*, 8 Blackf. 535; *Dawson* v. *Chamney*, 5 A. & E. 164; 2 Kent Com. 593; *Lane* v. *Cotton*, 12 Mod. 483.

In ordering the affirmance of the judgment I am instructed, in view of the strong and persuasive equities, **6. —— bailee.** apparent of record, in plaintiff's favor, to also order, to avoid all doubt as to the right, that he may, if he shall be so advised, bring his new action, charging defendant as an ordinary bailee, any thing in the present proceeding to the contrary notwithstanding.

<div align="right">Affirmed.</div>

DILLON, J. — I concur in all of the foregoing opinion of Mr. JUSTICE WRIGHT except that portion of it relating to the refusal to allow the plaintiff to amend. In my judgment, under the statute and circumstances of the case, the plaintiff had the right to amend, and it was error to refuse it; and such, I am authorized to say, is also the opinion of COLE, J.