Mansfield v. Wilkerson.

## MANSFIELD v. WILKERSON.

1. Amendment: ERROR WITHOUT PREJUDICE. There is no error in refusing to allow an amendment when the party asking it would be entitled to the same measure of relief without such amendment as with it.

2. Motion: ATTORNEY AND CLIENT. A motion under section 3422 of the Revision to compel an attorney to pay over money collected for his client, is heard and disposed of without written pleadings.

3. Nonsuit: WHEN NOT ALLOWABLE. A party cannot, as a matter of right, take a nonsuit after the cause has been finally submitted.

4. Attorney and client: INTEREST ON COLLECTIONS. While an attorney may avoid all liability for interest on money collected by him for his client by depositing it in bank to his client's credit, or by keeping it on hand ready for delivery, yet, if it be shown that the attorney used the money as his own, he will be held liable for interest thereon during such use.

*Appeal from Lucas District Court.*

SATURDAY, JANUARY 30,

THIS is a summary proceeding, under chapter 134 of the Revision of 1860, on a motion by a client against his attorney for an order requiring the attorney to pay over money collected. There was judgment for defendant. Plaintiff appeals. The further necessary facts are stated in the opinion.

*Warren S. Dungan* for the appellant.

*J. W. Wilkerson pro se.*

COLE, J. — Plaintiff was the owner of a note and mortgage executed by one Baum upon certain real estate in Lucas county. He left the same, about 1861, for collection, in the hands of a law firm then doing business in Chariton, and also had an agent there. Plaintiff went to Texas and remained away until about the time of making this motion. His agent some time after that went to Montana territory, and his attorneys, after bringing suit upon the note and for foreclosure of the mortgage, against the mortgagor alone, also removed from the State and left the claim with the defendant for collection, etc. The defendant obtained judgment and order for foreclosure against the mortgagor. Afterward, learning that Baum, the mortgagor, had, before suit brought, sold the

mortgaged property to one Lewis, the defendant brought another suit to, and did, foreclose the equity of Lewis. The property was sold under the foreclosure judgment, on the 15th day of January, 1866, and brought $548.70 over and above all costs, which amount was then received by the defendant. This left about $150 due on the foreclosure judgment. Baum, the mortgagor, was insolvent. Defendant, being advised that Lewis, Baum's grantee, had assumed, or was bound by the deed to him to pay, the mortgage debt, took Baum's note for the balance due on the judgment, and satisfied it of record without other authority than as attorney for the collection of the claim. He then brought suit in Baum's name, but for plaintiff's benefit, against Lewis for said balance. After two closely contested trials, Lewis was successful.

On the 21st day of June, 1867, the defendant paid over to the attorneys then resident in Missouri, from whom he received the claim, the sum of $400, and retained the balance as his fees. The agent of plaintiff had returned from Montana territory a short time before, and was living in the same town with defendant when he received the money on the foreclosure judgment. The defendant himself testifies, that he "used said money as his own" from the time he received it until he paid over the $400, and that he retained the balance as due him from plaintiff for fees. It is shown, very satisfactorily, that the amount retained was not greater than the reasonable fees for the services of defendant.

After the cause was submitted to the court, the plaintiff asked leave to amend the statements of his motion so 1. AMENDMENT: as to negative any negligence on his part, in error without prejudice. advising with his attorney, justifying the retention of the money by the defendant. This was refused. There was no error in such refusal, operating to the prejudice of the plaintiff.

Under section 3426, he was entitled to the same measure of relief without such amendment as he would have been with it. Such motions are heard without written pleadings. The nature and grounds of the motion only are stated in the notice. Sec. 3424; see also, *Rees* v. *Leech et al.*, 10 Iowa, 439; *The State, etc., ex rel.* v. *The Mayor, etc.*, 18 id. 388, and authorities cited.

*2. Motion: attorney and client.*

After leave to amend was refused, the plaintiff offered to take a voluntary nonsuit, which the court also refused. The cause having been finally submitted to the court, it was too late for the plaintiff, as a matter of right, to take a nonsuit. Rev. § 3127. The court did not err in refusing it. *Hays* v. *Turner*, 23 Iowa, 214.

*3. Nonsuit: when not allowable.*

The plaintiff insists, that defendant, having no other authority than merely as attorney for collecting the claim, had no right to receive Baum's note and satisfy the judgment of foreclosure therefor. This may or may not be the law. It is not necessary for us now to decide it. See *McCarver* v. *Neeley*, 1 G. Greene, 360, and authorities there cited. And in the absence of ratification, plaintiff may or may not still have his right to proceed against Baum for any balance due upon the judgment.

The plaintiff also insists that defendant ought to be charged with interest on the amount received by him, from the 15th day of January, 1866, up to the 21st day of June, 1867, when he paid over the $400 to plaintiff's original attorneys. That the defendant might have deposited the money in bank to plaintiff's credit, or kept it on hand even, ready for delivery on demand (which would be presumed in the absence of any showing), and thereby avoided any liability for interest, we have no doubt. As to necessity for demand, see *Satterlee* v. *Frazier*, 2 Sand. S. C. 141;

*4. Attorney and client: interest on collections.*

*Pennington* v. *Yell*, 6 Eng. (Ark.) 212; *In re Wills*, 1 Mann. (Mich.) 392. But in this case, he shows by his own testimony "that he used said money as his own." Having thus used the money and derived the usual advantages, as will be presumed, therefrom, we know of no good reason, either in law or equity, why he should not be charged with interest during the time he so used it.

The judgment of the District Court, therefore, will be so modified as to give to plaintiff a judgment for the interest at six per cent on $400, from the 15th day of January, 1866, till the 21st day of June, 1867, it being $34.40. For this error the judgment is

Reversed.