## BALLINGER v. DAVIS.

1. **Evidence:** SUBSCRIBING WITNESS: PROMISSORY NOTE. The execution of a promissory note, signed with the mark of the maker and attested by a subscribing witness, may, when necessary to be proven, be shown by evidence other than that of the subscribing witness, where it is shown that such witness is out of the jurisdiction of the court, that his residence is unknown, and that proper efforts have been made, without success, to obtain his deposition or personal attendance.

2. **Practice:** NONSUIT. The plaintiff in an action may, before the case is finally submitted to the court, dismiss his action as to one of several causes upon which it is founded.

*Appeal from Lee Circuit Court.*

WEDNESDAY, AUGUST 31.

ACTION commenced before a justice of the peace, where judgment was rendered for plaintiff. On appeal to the circuit court there was verdict and judgment for defendant. Plaintiff appeals to this court.

*R. P. Lowe and J. P. Hornish* for the appellant.

*J. H. Craig* for the appellee.

BECK, J. — Plaintiff, in this action, seeks to recover upon a promissory note executed by the defendant. The
1. EVIDENCE: note is signed with the mark of defendant,
subscribing
witness: and attested by a subscribing witness. Upon
promissory
note. the trial the plaintiff offered the note in evidence, and proposed to prove its execution by evidence other than that of the subscribing witness, and by the admission of defendant. As a foundation for such secondary evidence he proved that the subscribing witness was out of the state; that his precise place of residence was unknown to plaintiff; that he had made

efforts to procure his deposition, but had failed, and that he had endeavored without success, to procure his per sonal attendance at the trial. This evidence being satis factory, establishes that proper efforts were made, in good faith, to procure the evidence of the subscribing witness without success, and that his place of residence was unknown to plaintiff. The court refused to receive any evidence of the execution of the note by defendant, and would not permit plaintiff to prove defendants admissions that he had signed the note, holding that the evidence of the subscribing witness was alone competent, and that sufficient foundation had not been had to admit secondary evidence. The plaintiff, upon this ruling being made, asked him to withdraw his claim upon the note, and that the action, as to it, might be dismissed; but this was refused. The witness of the court, in refusing to admit the secondary evidence, and denying the request of plaintiff to dismiss his action as to the claim upon the note, are complained of as erroneous.

I. The rule of the law is that the execution of a written instrument, when necessary to be proven, must be shown by the subscribing witness, if it be attested by one. But there are several exceptions to this rule. If the witness cannot be found after diligent inquiry, or is out of the jurisdiction of the court, other evidence may be admitted. 1 Greenlf. Ev. § 572; 2 Phelps' Ev. (Cowen & Hill, and Edward's notes) p. 493. "When the absence of the subscribing witness is relied on, it is not necessary that he should be out of the county; but absence beyond the process or jurisdiction of the court is enough to allow a resort to infirm evidence." 2 Phelps Ev. Cowen & Hill, and Edward's notes) p. 493, note 440. And it is not necessary that a commission be set to take his deposition. Ibid. note 440. If the witness cannot be found after diligent search, the secondary evidence will be received. Id. 494.

Applying these rules to the case before us, we are of opinion that the secondary evidence offered by plaintiff should have been admitted.

II. The motion of plaintiff to withdraw his action as to the note should have been allowed. His right to dismiss his entire action cannot be doubted.

2. PRACTICE:
nonsuit

Rev. § 3127; *Hays* v. *Turner*, 23 Iowa, 214; *Kuhn* v. *Bone*, 10 id. 392. We know no reason why he should be denied the right to dismiss his action as to one of several causes upon which it is founded. Such a course of practice is in harmony with our general system of procedure. We do not intimate any views as to his rights after the dismissal. We are very well satisfied that he had the right to dismiss his action as to a part of the claims upon which it was founded.

The judgment of the circuit court is

