Belzor v. Logan.

BELZOR v. LOGAN & CANFIELD.

Nonsuit: AFTER SUBMISSION TO REFEREE. A plaintiff may dismiss his suit after the cause has been submitted to a referee, and he has prepared, but not filed, his report. Such a case is not within the terms of the statute (Rev., §§ 3093, 3094), respecting the right of the plaintiff to dismiss *before* the final submission to the court or jury, but, in effect, denying it afterward.

*Appeal from Story Circuit Court.*

FRIDAY, JULY 28.

PLAINTIFF filed his petition, claiming for labor, hauling and board, annexing bill of particulars with sixty-five items, aggregating $1,975.85. Defendants filed their answer, denying thirty-five items and admitting the balance ; and set up a

Belzor v. Logan.

cross action, for groceries, feed, and orders paid to others, annexing bill of particulars, with four hundred and eighty-five items, aggregating $1,830.20, and claiming balance of $50. Plaintiff filed a reply, admitting eighty-one items of cross claim, and denying balance. · At the May term, ".the court appointed J. W. Barnhart, Esq., to take the testimony in this case," and to report at next term. At August term ordered, "that the referee herein complete his reference, and report his findings and conclusions of law at the next term." At November term, 14th day of the month, the referee files a statement in writing, " that his second report is now ready to be filed in court, and that he will present the same on payment of his fees, etc., amounting to $98.25." On the 22d day of November, the attorneys for the plaintiff " ask leave of the court to dismiss plaintiff's cause of action herein, which is granted by the court." The court entered judgment of the dismissal accordingly, and that the defendants recover of plaintiff the costs of the suit, taxed at $———. The defendants excepted, and now appeal.

*W. R. Lawrence* for the appellants.

*Hull & Ramsey* for the appellee.

COLE, J. — Our statute provides (Rev., § 3127): "An action may be dismissed, and such dismissal shall be without prejudice to a future action : 1. By the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court * * *." This is construed to be equivalent to a denial of the right to dismiss *after* such submission. It has often been held by this court, that under our statutes (§§ 3093, 3094) the report of a referee was like, and had the same effect as, a verdict of the jury or a finding by the court, and certainly *the reason* which would deny a party the right to dismiss his action after the final submission of his case to a jury or

to the court would also deny it to him after he 'had made a like submission to a referee. But the trouble in this view is, that we must construe statutes and be confined to the language used, and cannot extend them to any thing and every thing within the range of the reason which prompted their enactment for the particular things specified in them. The statute only enumerates two out of the three methods of trial prescribed by it, a final submission in which will bar the right of the plaintiff to dismiss his action. The other method, a trial by referee, is not within the terms of the statute, nor within any recognized rule for the construction of the language used in it. We cannot, therefore, hold that the plaintiff was concluded from dismissing his action by reason of the statute.

Aside from the statute, we find that a plaintiff might discontinue his action at any time, except after verdict or writ of inquiry, without leave of court. Cooke Jac. 35; 1 Lilly's Abr. 473; 6 Watts and S. (Pa.) 147; *Everett* v. *Taylor*, 32 Mo. 390.

Affirmed.