HARRIS v. BEAM ET AL.

1. **Practice**: DISMISSAL OF ACTION: FINAL SUBMISSION. A case is not finally submitted to the jury, within the meaning of section 2844 of the Code, until they have been directed to proceed to the consideration of their verdict, and it may be dismissed without prejudice after the completion of the charge of the court.

*Appeal from Montgomery Circuit Court.*

THURSDAY, JUNE 7.

THIS is an action upon a bond executed by defendants for the faithful performance, upon the part of the defendants, Geo. C. Beam and R. H. Haller, of the duties devolving upon them as referees in an action for partition. Plaintiff alleges that he is the owner of the bond by assignment. After the evidence was introduced and the arguments of counsel were concluded, the court, in substance, instructed the jury that plaintiff had introduced no proof that he was the owner of the claim sued on, and the verdict must be for the defendant. Thereupon the plaintiff offered to dismiss his action. To this the defendants objected for the reason that the cause had been fully submitted to the jury. The objection was overruled. The plaintiff was permitted to dismiss his action and judgment was rendered against him for the costs. The defendants appeal.

*A. Beeson* and *N. C. Cannon,* for appellants.

*J. C. Cooper,* for appellee.

DAY, CH. J. Section 2844 of the Code provides that an action may be dismissed by the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court.

It is claimed by appellant that the cause had been finally submitted, and that the time for dismissing the cause had passed. In every case finally submitted there must be some moment of time in which the condition of being finally submitted is assumed.

1. PRACTICE: dismissal of action: final submission.

Ordinarily there is no difficulty in determining whether or not a case has been submitted. But the difficulty increases with approach to the time which marks the line of demarkation between a case finally submitted and one not finally submitted, and becomes greatest when that precise time is reached. If the last word of the court's charge to the jury had not been read, it would probably be conceded that no final submission had occurred. But, as the charge had been fully read, it is claimed nothing further remained for court or counsel to do, and that the cause was finally in the hands of the jury. This case presents the question, perhaps, in the most difficult light of which it is susceptible. Appellant cites and relies upon *Hays v. Turner*, 23 Iowa, 214. But that is not a parallel case. In that case the trial was by the court. The court had found the facts and had announced the conclusions of law and was about to pronounce judgment. The cause had been finally submitted to the court, and the court had acted upon it to the extent of finding and settling both the facts and the law. The case was in the same position as a cause tried by jury after the return of the verdict. It is quite clear that in that case it was too late for the plaintiff to dismiss. In this case we are of opinion that the right to dismiss existed.

A cause is not finally submitted to the jury when the last word of the charge is read. In practice, the jury are directed by the court to retire in charge of a sworn officer to consider of their verdict, or to enter upon the consideration of the case without retiring.

This direction by the court to the jury to enter upon the consideration of the case may fairly be regarded as the mo-

ment when the final submission of the cause occurs.  An attorney cannot always tell whether he can safely submit his cause to the jury upon the evidence introduced until he hears the charge of the court.  If, in his judgment, the charge is so adverse to him that he cannot safely trust his case in the hands of the jury, he ought, at that moment, to be permitted to dismiss without prejudice to a future action.  The statute, in our judgment, does not deny him that right.

AFFIRMED.