McArthur v. Schultz.

## McARTHUR v. SCHULTZ.

1. **Appeal:** CERTIFICATE OF JUDGE TO EXPLAIN RECORD. Appeals to this court are based wholly upon the record of the trial court, and it is incompetent to explain, contradict or extend that record by the certificate of the trial judge as to matters transpiring between him and counsel. (See opinion for authorities.)

2. ———: EQUITY CASE: EVIDENCE NOT NECESSARY. The appeal in this case (in equity) presents the single question as to plaintiff's right to dismiss without prejudice at the time he did. The evidence in the case not being necessary for the determination of this question, an objection by appellee that appellant's abstract does not contain the evidence is unavailing.

3. **Practice:** DISMISSAL AFTER SUBMISSION. A party has no right to dismiss his cause of action after it has been submitted to the court or jury. (See cases cited in opinion.) Neither can a party, at the time of submission, reserve the right to dismiss in part in case the decision is against him upon his demand as pleaded.

*Appeal from Linn District Court.* — HON. J. H.
PRESTON, Judge.

FILED, OCTOBER 8, 1889.

*Davis & Voris*, for appellant.

*Thompson & Lanning*, for appellee.

GIVEN, C. J.—I.   Appellant's abstract of record
shows that this action was commenced at law, to recover
damages for an alleged breach of covenants
of warranty in a deed of conveyance, by
reason of lands being encumbered by an
unsatisfied mortgage for three hundred
dollars.   The defendant filed his cross-petition, alleging
that plaintiff had assumed said mortgage, and that by
mistake or fraud it was omitted to insert the exception
of said mortgage in the deed. . The abstract shows that
the case was transferred to equity, and that on November
20, 1880, the court entered the following of record
in said cause, to-wit:   "November 20, trial to the court,
and submitted;" and, on the following day, to-wit,
November 21, the following entry was made of record
by the court in said cause, to-wit:   "November 21,
plaintiff asks and has leave to withdraw all his claim
except ten dollars' interest, paid on encumbrance, without
prejudice, and finding for plaintiff, judgment for ten
dollars and costs; to all of which defendant excepts."
Defendant perfected his appeal, and assigns as errors
"the granting of leave to and permitting plaintiff to
dismiss any part of his claim and cause of action sued
upon on the twenty-first day of November, and after the
said cause on the issues joined therein had been tried
and submitted to the court on the twentieth day of
November."   Appellee, in his brief and argument,
denies the correctness of appellant's abstract, but fails
to file any further or additional abstract.   Appellee sets
out in his brief and argument what purports to be a
certificate from the trial judge, showing "that at the
conclusion of the argument I announced that I would

1. APPEAL: certificate of judge to explain record.

take the matter under consideration, and give my decision later; that at that time William G. Thompson, one of the plaintiff's attorneys, announced and stated to me that, in case I concluded that no judgment could be rendered in favor of plaintiff for any greater sum than the evidence shows he had paid on the mortgage, to-wit, ten dollars, that he, said Thompson, reserved the right to dismiss without prejudice all of said claim except ten dollars, which he did before I made the final order of judgment." This is not a certification of the record, but of matters transpiring between the attorney and judge, that are not of record. Appeals to this court are based upon the records of the cause from the court from which they are brought, and it is not competent to explain, contradict or extend the recital of the record by affidavits or certificates. See *Holmes v. Budd*, 11 Iowa, 186; *Bartle v. City of Des Moines*, 37 Iowa, 635; *Pearson v. Maxfield*, 47 Iowa, 136; *Dedric v. Hopson*, 62 Iowa, 562; *Conner v. Long*, 63 Iowa, 297. Appellant's motion to strike this certificate is sustained.

II. Appellee's contention is that, this case being in equity, it must be heard *de novo*, and that appellant

2. ——: equity case: evidence not necessary.

has failed to present the testimony upon which the cause was submitted. Appellee having failed to file any further or additional abstract, appellant's abstract must be taken as correct. According to that abstract, there was no decision on the merits of plaintiff's claim other than the ten dollars from which to appeal. The appeal presents the single question as to plaintiff's right to dismiss without prejudice at the time he did. The testimony taken on the trial is not necessary to a full understanding of the question presented to this court for decision.

III. It only remains to say whether upon the record, as shown in appellant's abstract, the court erred

3. PRACTICE: dismissal after submission.

in permitting the plaintiff to dismiss at the time he did. The case was fully tried, and submitted on November 20, and on November 21 the plaintiff was granted leave to withdraw all

his claim except ten dollars' interest on the encumbrance, without prejudice. Code, section 2844, provides that actions may be dismissed "by the plaintiff before the final submission of the case to the jury, or to the court, when the trial is by the court." This is construed to be equivalent to a denial of a right to dismiss after such submission. *Belzor v. Logan*, 32 Iowa, 322. See, also, *Hays v. Turner*, 23 Iowa, 214; *Mansfield v. Wilkerson*, 26 Iowa, 482. If we were to consider the judge's certificate, it only shows that upon final submission of the cause plaintiff's attorney reserved the right to dismiss without prejudice, in the event the court decided against him. Such a practice cannot be sustained. The action of the district court in permitting plaintiff to dismiss is reversed, and the case is remanded for final decree upon the merits of the cause.

REVERSED AND REMANDED.