MORRISEY v. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

Practice : RIGHT TO DISMISS ACTIONS.    Under section 2844 of the Code, providing that a plaintiff may dismiss his action "before the final submission of the case to the jury, or to the court, when the trial is by the court," *held* that plaintiff had a right to dismiss after the defendant had moved for an order for a verdict on his (plaintiff's) evidence, and the court had intimated that it would sustain the motion, but had made no entry to that effect, and had not yet directed the jury to return a verdict ; for as yet there was not a final submission of the case.    (See *Harris v. Beam*, 46 Iowa, 118, and *Belzor v. Logan*, 32 Iowa, 322.)

*Appeal from Keokuk District Court.*—HON. W. R. LEWIS, Judge.

FILED, MAY 28, 1890.

APPEAL on certificate of the trial judge.

*Hubbard & Dawley*, for appellant.

*J. C. Beem*, for appellee.

GIVEN, J.—The question certified is whether the court erred in permitting the plaintiff to dismiss his action at the following stage of the trial: Plaintiff having introduced all his evidence and rested, defendant made a motion to instruct the jury to find for the defendant, which, being fully submitted, the court stated that it thought the motion ought to be sustained, and indicated that he would sustain it, but had not yet made the entry on the calendar, nor directed for the defendant." The plaintiff's attorney then asked leave to dismiss, to which defendant objected, on the ground that the case had been submitted to the court; which objection was overruled, and the case dismissed. Code, section 2844, authorizes the dismissal of actions by the plaintiff "before the final submission of the case to the jury, or to the court, when the trial is by the court." This has been held equivalent to a denial of the right to dismiss after such submission. *Belzor v. Logan*, 32 Iowa, 322. It will be observed that the dismissal must be before final submission of the case to the jury, when tried to a jury, or before final submission to the court, when tried by the court. A submission is final only when nothing remains to be done to render it complete. Submission to a jury is not final until the last words of the charge are read, and the jury directed to consider their verdict. *Harris v. Beam*, 46 Iowa, 118. There was no final submission of this case to the jury. They had not received the charge of the court, and as yet had no authority to consider of or return a verdict. Appellant contends that, as the sustaining of the motion for verdict was in effect a final disposition of the case, there was a final submission of the case to the court before plaintiff asked leave to dismiss. Surely the submission of the motion was not a submission of the case to the court; for, whether the motion was overruled or sustained, it remained to submit the case to the jury for verdict. There was no final submission of the case to either court or jury, and therefore no error in overruling defendant's objection, and allowing plaintiff to dismiss.

AFFIRMED.