OPPENHEIMER BROS., Appellants, v. GEORGE ELMORE.

**Dismissal Without Prejudice:** MOTION TO DIRECT VERDICT NOT FINAL
SUBMISSION. Under Code, section 3764, providing that an action
may be dismissed without prejudice before final submission of
the case to the jury, plaintiff may dismiss after defendant has
moved for the direction of a verdict in his favor on plaintiff's
evidence, and the court has indicated that it would sustain the
motion.

*Appeal from Wayne District Court.*—HON. H. M. TOWNER,
Judge.

MONDAY, OCTOBER 9, 1899.

APPEAL from an order denying plaintiffs the right
to dismiss their action and from a judgment against them
for costs.—*Reversed.*

*Hart & Poston* for appellants.

*Miles & Steele* for appellee.

DEEMER, J.—The record discloses that after the issues
were made up, the jury impaneled and sworn, and the plain-
tiff's evidence adduced, the defendant submitted a motion
asking the court to direct a verdict for him; and that after
the court had indicated that he would sustain the motion,
but before any entry was made on the docket or any direc-
tion in fact given to the jury, the plaintiffs asked the court
to dismiss their case without prejudice, which it refused
to do, but, on the contrary, instructed the jury to return
a verdict for defendant, which was accordingly done, and a
judgment was thereafter rendered thereon. Section 3764
of the Code is as follows: "An action may be dismissed, and
such dismissal shall be without prejudice to a future action,
before the final submission of the case to the jury." What,

then, is the submission of a case to a jury? That question seems to be answered by *Harris v. Beam,* 46 Iowa, 118, wherein it is said: "In every case finally submitted there must be some moment of time in which the condition of being finally submitted is assumed. Ordinarily, there is no difficulty in determining whether or not a case has been submitted. If the last word of the court's charge to the jury had not been read, it would probably be conceded that no final submission had occurred but, as the charge had been fully read, it is claimed nothing further remained for court or counsel to do, and that the case was finally in the hands of the jury. A cause is not finally submitted to a jury when the last word of the charge is read. In practice, the jury are directed by the court to retire in charge of a sworn officer to consider their verdict, or to enter upon the consideration of the case without retiring. This direction by the court to the jury, to enter upon the consideration of the case, may be fairly regarded as the moment when the final submission of the case occurs. An attorney cannot always tell whether he can safely submit his case to the jury on the evidence introduced until he hears the charge of the court. If, in his judgment, the charge is so adverse to him that he cannot safely trust his case in the hands of a jury, he ought at the moment to be permitted to dismiss without prejudice to future action." *Morrisey v. Railway Co.,* 80 Iowa, 314, is a case almost directly in point, and it is there said: "Plaintiff having produced all his evidence, and rested, the defendant made a motion to instruct the jury to find for the defendant; which being fully submitted, the court said that he thought the motion ought to be sustained, and indicated that he would sustain it, but had not yet made the entry on the calendar, nor directed for the defendant." "The plaintiff's attorney then asked leave to dismiss, to which the defendant objected, on the ground that the case had been submitted to the court, which objection was overruled and the case dismissed." This action of the court was assigned

:as error. In passing upon this question, we said: "A sub-
:mission is final only when nothing remains to be done to
render it complete. . Submission to a jury is not final until
the last words of a charge are read, and the jury directed
to consider their verdict. *Harris v. Beam,* 46 Iowa, 118.
There was no final submission of this case to the jury. They
had not received the charge of the court, and as yet had no
authority to consider of or return a verdict. Appellant con-
tends that, as the sustaining of the motion for verdict was, in
effect, a final disposal of the case, there was a final submission
of the case to the court before the plaintiff asked leave to dis-
miss. Surely, the submission of the motion was not a sub-
mission of the case to the court; for, whether the motion
was overruled or sustained, it remained to submit the case
to a jury for a verdict. There was no final submission of
the case to the court or jury." See, also, *Partridge v. Wil-
sey,* 8 Iowa, 459; *Livingston v. McDonald,* 21 Iowa, 175;
*Hays v. Turner,* 23 Iowa, 214. Nothing at variance with
the rule established by these cases is announced in *McAr-
thur v. Schultz,* 78 Iowa, 264. In that case there was a
final submission, with an attempted reservation of a right
to dismiss without prejudice. Such practice was con-
demned, and the action of the trial court in permitting a
dismissal was reversed. Defendant's counsel have cited a
number of cases from the supreme court of Kansas holding
that the action of the trial court under such a statute is
discretionary, and will not be interfered with on appeal.
We have adopted a different rule, and, as it is a rule of prac-
tice, our own decisions must govern. The trial court should ·
have permitted a dismissal of the case and its order and judg-
ment are REVERSED.