CARNEY BROTHERS, Appellees, v. F. H. REED AND W. A. REED, Appellants.

**Dismissal Without Prejudice: WHEN TOO LATE.** Under Code, section 3764, authorizing the dismissal of actions without prejudice by "plaintiffs before the final submission of the case to the court when the trial is by the court," and section 3765, providing that in all other cases, upon the trial of the action, the decision must be on the merits, plaintiff is not entitled to dismiss an action without prejudice, after it has been submitted, and the court has announced his conclusions, and directed the terms of the judgment to be entered.

**Appealable Orders:** *Allowing dismissal without prejudice.* Under Code, section 4101, authorizing an appeal to the supreme court from an order affecting a substantial right, in effect determining the action, and preventing the judgment from which an appeal might be taken, an order permitting plaintiff to dismiss an action without prejudice after final submission to the court is appealable.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, OCTOBER 9, 1902.

PLAINTIFFS brought this action in equity to foreclose a mechanic's lien. In their petition they claim to have sold to the defendant, F. H. Reed, materials for the erection of a certain building, and that a statement and claim for lien was filed as provided by law. The allegation is also made that, subsequent thereto, F. H. Reed sold and transferred the property covered by the lien to his codefendant, W. A. Reed. F. H. Reed answered, denying the account in part; alleging that a large part of the materials designated in the statement and claim were furnished and used for a purpose other than the building in question; that part of the materials were returned to plaintiffs, and claiming

.certain errors and overcharges.    The defendant W. A.
Reed answered, setting up the same facts as above stated,
.and alleging that plaintiffs, well knowing such facts, had
wrongfully and fraudulently made a claim for a lien, and
that the same, being fraudulent, was void.    The cause was
tried to the court, and fully submitted.    Thereupon the
.court announced a decision awarding to the plaintiffs judg-
ment for a portion of their claim against defendant F. H.
Reed, but refusing and denying the claim for a lien.
Before judgment could be entered of record, plaintiffs
asked leave to dismiss their action without preju-
dice.    To this defendant W. A. Reed objected for
the reason that the request came too late.    Leave
was granted as asked, and the action dismissed without
prejudice, to which defendant W. A. Reed excepted, and
he alone appeals.—*Reversed.*

*Haines & Lyman* for appellant.

*Will C. Rayburn* and *W. R. Lewis* for appellees.

BISHOP, J.—The right to dismiss an action once brought
is regulated by section 3764 of the Code.    Subdivision 1 of
said section alone has application to the case before us.
It is therein provided, in substance, that the plaintiff may
dismiss his action before the final submission of the
case to the court, when the trial is by the court.    By
the succeeding section, 3765, it is provided that in all
other cases upon the trial of the action the decision must
be upon the merits.    In *McArthur v. Schultz*, 78 Iowa,
364, we held that section 3764, by construction, denies the
right to dismiss after a case has been submitted to the
court for decision.    To the same effect is *Dunn v. Wolf*,
81 Iowa, 688.    In the case before us, the action having
been tried and submitted, and the court having announced

the conclusions reached therefrom, and the terms of the judgment to be entered, it was manifestly erroneous to permit the dismissal.

II.   It is urged by appellees, however, that the record does not show any judgment against appellant, and for that reason he has no right of appeal.   A motion to dismiss the appeal for the same reason is also made.   Reliance is placed upon *Boyce v. Railway Co.*, 63 Iowa, 70, and other cases wherein it is held that a judgment or decree against appellant is indispensable to his right of appeal.   That is true under the provisions of section 4100 of the Code.   If the appeal is taken from a judgment of an inferior court, the record must show that in fact a judgment adverse to the appellant was entered. But by section 4101 of the Code it is provided that an appeal may also be taken to this court from an order made affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.   The appellant here had the right in the court below to have final disposition of the action upon its merits, as far as that court was concerned.   Such disposition could be made only by a judgment either in his favor, or adverse to him.   If the latter, then an appeal might be taken.

The motion to dismiss is therefore overruled, and the cause is reversed and remanded to the district court with directions to enter judgment in favor of appellant in accordance with the views above expressed.—REVERSED.