## DUFFY v. GLUCOSE SUGAR REFINING CO.

(Circuit Court, S. D. Iowa, Davenport Division.   October 14, 1905.)

· No. 8.

1. COURTS—FEDERAL COURTS—FOLLOWING STATE PRACTICE.

·The statutes of a state regulating practice, and the construction given them by the highest court of the state, are binding upon federal courts sitting within the state in actions at law.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 957.

State laws as rules of decision in federal courts, see notes to Hill v. Hite, 11 C. C. A. 71 ; Wilson v. Perrin, 29 C. C. A. 553.]

2. DISMISSAL—IOWA STATUTE—FINAL SUBMISSION OF CASE TO JURY.

Under Code Iowa, § 3764, which provides that an action may be dismissed by the plaintiff "before the final submission of the case to the jury," where on motion at the close of plaintiff's evidence the judge directed a verdict for defendant, and one of the jurors designated as foreman was in the act of signing a verdict by direction of the court, the case had been finally submitted, and an announcement of dismissal then made came too late.

[Ed. Note.—For cases in point, see vol. 17, Cent. Dig. Dismissal and Nonsuit, §§ 15, 16.]

Ely & Bush, for plaintiff.
Cook & Dodge, for defendant.

McPHERSON, District Judge.   This is an action for a personal injury.   At the close of plaintiff's evidence defendant moved for an order directing the jury to find for the defendant.   This motion was argued at length, and taken under advisement by the court until the following morning.   Then in the presence of the jury and counsel for both sides the court at some length gave his views of the matter, and concluded with the following statement:

"In my judgment that does not make a case, * * * and for these reasons the court sustains the motion and directs the jury to find and sign a verdict for the defendant."

The court, then addressing the jury, said to one of their number:

"Mr. Morrison, you may act as foreman.   Step here to my desk and sign the verdict for the defendant, which I have prepared."

Mr. Morrison, one of the jurors, did as requested, took a pen, and was affixing his signature as such foreman to the verdict for defendant.   His signature was partly written, when plaintiff's counsel said, "We dismiss this case."   Defendant's counsel objected to the attempted dismissal as coming too late.   While that was going on, the signature of the foreman was completed and the verdict left on the table of the presiding judge.   Should the verdict be recorded and a judgment rendered thereon, or should there be an order of dismissal?

The Iowa practice acts and the construction given them by the Iowa Supreme Court upon matters of this kind are binding upon this court in actions at law.   ·Central Company v. Pullman Company, 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55.   The same conclusion has been announced by the Circuit Court of Appeals for this circuit, in a case

which at this writing I cannot cite. The Iowa Code of 1897, § 3764, provides:

> "An action may be dismissed, and such dismissal shall be without prejudice to a future action: (1) By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is to the court."

Although the motion was tried to the court, fully submitted, and decided, I suppose that is not the test. The question is: Was the dismissal asked "before the final submission of the case to the jury?" In Hays v. Turner, 23 Iowa, 214, it was decided that in a case tried to the court that after the judge read his findings and conclusions of law, and was about to render judgment accordingly, but had yet not so done, that it was too late for plaintiff to dismiss, over defendant's objections. What the status of the case was which is said to have been "after final submission" in the case of Mansfield v. Wilkerson, 26 Iowa, 482, does not appear.

Belzor v. Logan, 32 Iowa, 322, was a case tried to a referee. He made a report. Later on he announced that he had his second report ready, and would file it when his fees were paid. Thereupon plaintiff was allowed, over defendant's objections, to dismiss. After submission the court allowed plaintiff to amend, and then later on to dismiss, as was ruled in Jones v. Currier, 65 Iowa, 533, 22 N. W. 663. But this was because, in allowing the amendment, it was as though the submission was set aside. Dunn v. Wolf, 81 Iowa, 688, 47 N. W. 887, was an equity case, but it is not disclosed what was the status of the case which is called "after final submission."

In Harris v. Beam, 46 Iowa, 118, the request for dismissal was closer perhaps in point of time to a final submission than any other case, and the dismissal was allowed. The case had been fully argued to the jury. The court in substance instructed the jury that the plaintiff had offered no evidence that he was the owner of the claim sued on, and that the verdict must be for the defendant. At that point plaintiff offered to dismiss, which was allowed, and the Supreme Court affirmed the order. In the opinion it is said:

> "A cause is not fully submitted to the jury when the last word of the charge is read. In practice, the jury are directed by the court to retire in charge of a sworn officer to consider of their verdict, or to enter upon the consideration of the case without retiring. This direction by the court to the jury to enter upon the consideration of the case may fairly be regarded as the moment when the final submission of the case occurs. An attorney cannot always tell whether he can safely submit his cause to the jury upon the evidence introduced until he hears the charge of the court. If, in his judgment, the charge is so adverse to him that he cannot safely trust his case in the hands of the jury, he ought, at that moment, to be permitted to dismiss without prejudice to a future action. The statute, in our judgment, does not deny him the right."

If the jury had left their seats for their room for deliberation, it is clear that there would have been a "final submission." In the case at bar the jury was not allowed to go to a room. On their part there was to be no deliberation. Plaintiff's counsel heard the reasons given by the court why in his opinion no case had been made. He then heard the direction to one of the jurors to sign the verdict. He saw

the foreman walk forward to sign. And then, when the foreman was signing, for the first time suggested a purpose to dismiss. And in the case at bar I can see no difference between what in fact was going on and if the jury had among themselves in the jury box, or in a room, had directed the foreman to sign and he was in the act of signing when the dismissal was moved.

In Harris v. Beam there was no motion to direct a verdict. The jury was to retire. In Livingston v. McDonald, 21 Iowa, 160–175, 89 Am. Dec. 563, practically the same holding was made as in Harris v. Beam. In Railroad v. Estes, 71 Iowa, 603, 33 N. W. 124, the case had been fully tried to the court, and the court announced his conclusions. Then the plaintiff asked for a dismissal, which after much contention, and rulings made and then vacated, was refused. And the case was affirmed.

I fail to see what more there was to be done in the case at bar, except for the jury or some one for them to announce the verdict they were directed to return; and, that being so, I believe the case had been finally submitted when the motion to dismiss was made. It was then too late.