Ernest Holtz, Appellee, v. Smith-Morgan Printing Co., Appellant.

**Courts:** REVERSAL OF RULINGS DURING TRIAL: AMENDMENTS. The court has full power pending the trial to amend or set aside its previous rulings therein; and may, before the case has gone to the jury, set aside an entry sustaining a motion for a directed verdict and assessment of costs, and allow the filing of an amendment to the pleadings.

**Same.** The entry of an order directing a verdict which was filed with a judgment for costs before the case was submitted to the jury, as in this case, was an irregularity and in itself sufficient ground for the court to set aside the judgment.

**Same.** In this case the court at the close of the evidence on Saturday discharged the jury until the following Monday morning and in the meantime heard and sustained a motion for a directed verdict for defendant. And it is held that upon convening of the court the case was still pending, and the court had authority to set aside such order and permit the plaintiff to amend his petition.

**Dismissal of action.** A plaintiff has the statutory right to dismiss his action at any time before the case is submitted to the jury, without leave of court; and the mere fact that formal leave to dismiss was granted will not furnish the defendant any ground for complaint.

*Appeal from Dubuque District Court.*—Hon. Robert Bonson, Judge.

SATURDAY, JANUARY 14, 1911.

APPEAL from an order of the trial court setting aside a previous order made by the same judge at the same term, during the same trial.—*Affirmed.*

*Kenline & Roedell,* for appellant.

*Henry Michel* and *C. M. Thorne,* for appellee.

EVANS, J.—The plaintiff brought his action for damages for personal injuries. The case came on for trial before a court and jury in October, 1909. At the close of plaintiff's evidence, the defendant moved for a directed verdict. The court entered an order sustaining the defendant's motion for a directed verdict and included in his entry a "judgment on the verdict against plaintiff for costs." At the time of such entry, no verdict had in fact been rendered by the jury or directed by the court. While the jury was still in the box, and before the court had given any instruction or direction to the jury in relation to the verdict, the plaintiff moved that the order of the court be set aside and that the plaintiff be permitted to file an amendment to his petition which he presented with his motion. The trial court granted such application and set aside its previous order, and permitted the plaintiff to file his amendment. This action of the trial court was resisted by the defendant and exception was taken thereto, and it is now complained of on this appeal.

I. The principal point urged is that there was no showing of proper ground for the setting aside of such order, and that it was therefore an abuse of discretion to set the same aside. We do not think the point is well taken. The power of the trial court over his rulings and entries in a case pending the trial thereof is quite plenary. Sec-

1. COURTS: reversal of rulings during trial: amendments.

tion 243 of the Code confers upon the court very broad powers in this respect which may be exercised even at any time during the term. It may well be assumed that the trial court has a larger latitude of discretion in such matters, while the trial is still pending before it, than it would have after the case had been finally disposed of. While the trial is pending, the power of the court to change or set aside a previous ruling or order therein is presumptively equal to its power to make it in the first instance. Its own change of view may be quite a sufficient reason for such action.

Some point is made by appellant because the trial court had already entered "judgment on the verdict against plaintiff for costs." If this is so, the order was irregular to say the least, because no verdict had in fact been rendered, although one was contemplated. The actual rendition of the verdict later would doubtless have cured the irregularity. It is perhaps true, also, that if no formal verdict were rendered, the irregularity would not render the judgment invalid in the future. But it was an irregularity nevertheless, and, of itself, was sufficient reason for a setting aside of the purported judgment until after verdict was actually directed and rendered. We think, therefore, that the trial court acted within its power and within the latitude of its discretion in setting aside its previous and purported judgment, and in permitting the plaintiff to file an amendment to his petition.

2. SAME.

II. In our foregoing statement of the facts, we have eliminated a part of the story and have confined our statement to the bare facts, which seem to us essential and controlling. There are other facts, however, upon which some stress is laid in argument. The fact is that the taking of the evidence was closed on Saturday, whereupon the jury was excused until Monday morning. After the jury was excused, the motion for a

3. SAME.

directed verdict was heard by the court in the absence of the jury, and the ruling and entry already referred to were made on the same day.  Plaintiff's application to set aside the order and ruling was made on Monday morning. Some point is made in argument on the lapse of time and the opportunity afforded thereby for the plaintiff to meditate and formulate a change of plan.  We do not think the power or discretion of the court was any less on Monday morning than on Saturday evening.  The case was still pending on trial and the court was about to direct the jury to render verdict.  This it could have done Saturday evening, if it had recalled the jury.  It had power also, to postpone further action until Monday morning, and the relative rights available to the parties were postponed accordingly.  Without holding that there is no limitation upon the discretion of the trial court in such a case, it is sufficient to say that the discretion is so broad that only exceptional circumstances would justify interference.

III.  The further chapter in the history of the proceedings is that after the plaintiff's amendment had been filed, the trial court indicated its view that the defendant's

4. DISMISSAL OF ACTIONS.

motion was still good, notwithstanding plaintiff's amendment.  Thereupon the plaintiff asked leave to dismiss without prejudice.  The court entered a formal order granting such leave and the plaintiff dismissed.  The appellant complains also of this order.  There is nothing in this part of the record which gives defendant any ground for appeal or complaint.  If we are right in our first conclusion that the court properly set aside its ruling and judgment for costs, then the case was clearly before it for further proceedings and for final determination. `Until it should be submitted to the jury, the plaintiff had the statutory right to dismiss.  Code, section 3764; *Harris v. Beam,* 46 Iowa, 118; *Morrisey v. Chicago & N. W. Ry.,* 80 Iowa, 315; *Oppenheimer v. Elmore,* 109 Iowa, 196.  The plaintiff had no occasion in such a case

to ask for leave to dismiss. He had a right to announce his dismissal and ask the court to enter such fact of record. The fact that the court formally granted leave to plaintiff to dismiss did not of itself furnish to defendant any ground of complaint. It was in no manner hurt by such formal entry. Its real hurt relates back to the order setting aside the ruling and judgment in its favor, which we have considered in the first paragraph hereof. Such order having been properly made, the defendant could not be hurt, in a legal sense, by subsequent dismissal of the suit.

The order of the trial court must be *affirmed.*