INMAN MANUFACTURING Co., Appellant, v. THE AMERI-
CAN CEREAL Co., Appellee.

**Actions:** VOLUNTARY DISMISSAL.   The statute authorizing dismissal
of an action before final submission contemplates that this shall
be done before the cause is finally left in the hands of the jury,
or the court if triable to the court, for determination; and im-
pliedly prohibits dismissal after that time.

**Same.**   Where the appellate court, on petition for rehearing dis-
closing that plaintiff had unsettled claims against defendant aris-
ing after the commencement of the action, and which might affect
defendant's recovery on his counterclaim, remanded the cause
for a determination of that question without changing the opinion,
authorizing judgment in conformity therewith, it was the duty
of the lower court to enter judgment as directed, and plaintiff
was not entitled to dismiss his action over the objection of de-
fendant.

**Appeal:** LAW OF THE CASE.   The decision of the appellate court in
remanding a cause for a specified purpose is binding upon the
lower court, whether the decision be right or wrong.

*Appeal from Linn District Court.*—HON. M. P. SMITH,
Judge.

TUESDAY, JUNE 25, 1912.

APPEAL from an order refusing to dismiss plaintiff's
cause of action and the entry of judgment dismissing the
petition as amended on the merits.—*Affirmed.*

*H. V. Borst, H. M. Remley,* and *Jamison, Smyth &
Hann* for appellant.

*Dawley & Wheeler* for appellee.

LADD, J.—Upon remand of this cause, after the last decision by this court the plaintiff filed a dismissal, saying that it "hereby dismisses its petition and cause of acton in the above-entitled cause upon its own motion and at its own costs and without prejudice." Ordinarily such a dismissal would be available to the plaintiff even after reversal on appeal and exact entry of judgment accordingly. *Rynear v. Neilin*, 4 G. Greene, 524. Section 3764 of the Code provides that "an action may be dismissed, and such dismissal shall be without prejudice to a future action: (1) By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court." Impliedly this prohibits such dismissal after final submission. *Belzor v. Logan*, 32 Iowa, 322; *Dunn v. Wolf*, 81 Iowa, 688; *McArthur v. Schultz*, 78 Iowa, 364.

1. ACTIONS: voluntary dismissal.

A cause is not finally submitted until the jury proceeds or has been directed to proceed with its consideration after the instructions have been read. *Harris v. Beam*, 46 Iowa, 118, and *Livingston v. McDonald*, 21 Iowa, 160. Nor until the cause after submission to the court by the parties is being considered or has been taken under advisement by the court. *Toof v. Foley*, 87 Iowa, 8; *Carney v. Reed*, 117 Iowa, 508. Unless the objections to such dismissal interposed by defendant then were sufficient, the dismissal should have been entered in accordance with plaintiff's request.

The cause had been thrice tried and appealed, and on each appeal reversed. 124 Iowa, 734; 133 Iowa, 71; 142 Iowa, 558. In the opinion last filed the evidence was held insufficient to sustain the verdict and it directed that 'the defendant may elect within thirty days to have cause remanded for a judgment below conforming to this opinion or it may have judgment here." An examination of the several opinions discloses that the court had passed on the different allegations of

2. SAME.

the petition as amended and the evidence adduced and determined that plaintiff had no cause of action. Construed in connection therewith, there can be no doubt as to the meaning of the language of the opinion quoted, being that judgment should be entered on the merits in this or the district court. Moreover, both parties so treated it; the defendant in electing to have judgment entered in this court, and the plaintiff in resisting a motion for judgment and in its petition for rehearing. In resistance to a motion for judgment, plaintiff insisted upon its right to dismiss without prejudice, and that several items were owing it by the defendant which it should be permitted to offset against the defendant's counterclaim. These matters were also argued in the petition for rehearing, in denying which this court filed a supplemental opinion in language following: "The petition for a rehearing and resistance thereto shows that the plaintiff has unsettled claims against the defendant arising since this suit was brought, which may affect the amount of the defendant's recovery on its counterclaim for money loaned to the plaintiff. In view of this, we think the original opinion should be so modified as to remand the case to the district court for a determination of such matter. It is therefore so ordered, and with such modification the original opinion is adhered to, and the petition for a rehearing is overruled." The only respect in which the original opinion was modified was in remanding the case for a specified purpose: i. e., "for a determination of the such matter," which evidently "was the unsettled claim against the defendant arising since this suit was brought." The portion of the opinion permitting the plaintiff to have judgment in conformity therewith was not changed, and, as the cause was remanded to the district court, its only course to pursue was to enter judgment as directed.

Whether the opinion was right or wrong in this respect was not a matter for its consideration, nor can that ques-

tion be now considered. That issue had been ruled by this
court in denying the petition for rehearing,
and the decision must be regarded as final.

3. APPEAL: law of the case.

Some complaint is made of the amount of costs in-
cluded in the judgment against plaintiff; but, as the
record is not specific enough for an intelligent ruling
thereon, appropriate relief may be obtained on a motion
to retax.—*Affirmed.*