FRANK J. MARION, Appellant, v. HOME MUTUAL INSURANCE ASSOCIATION OF IOWA, Appellee.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

*B. F. Jones* and *B. A. Dolan*, for appellant.

*J. O. Boyd, C. C. Putnam,* and *Paul H. Williams,* for appellee.

EVANS, J.—The plaintiff brought his action upon an insurance policy. He introduced his evidence, and rested. Thereupon the defendant presented a motion to direct a verdict against the plaintiff, for want of sufficient evidence to go to the jury. This motion was argued, and submitted to the court. Thereafter, the court sustained said motion by entering its finding upon its docket and by oral announcement thereof in the presence of the parties. Thereupon, the plaintiff orally announced that he wished to dismiss his case without prejudice. This announcement was ignored by the court, on the ground that it came too late. The question presented on this appeal is: Had the plaintiff's case been finally submitted, within the meaning of Section 11562 of the Code of 1924? Such section is as follows:

"11562. An action may be dismissed, and such dismissal shall be without prejudice to a future action:

"1. By the plaintiff, before the final submission of the case to the jury, or to the court when the trial is by the court."

This section, together with the kindred Section 11505, has been frequently construed by us. Some of the discussions in our cases are in some degree inharmonious. Actual decisions, however, in the various cases are not inconsistent. We have frequently held that a mere intimation of opinion by the judge in advance of an actual entry of decision thereon is not sufficient to terminate the pendency of the case and to terminate the right of plaintiff to a voluntary dismissal.

The special reliance of appellant is upon *Oppenheimer Bros. v. Elmore*, 109 Iowa 196; and upon *Morrisey v. Chicago & N. W. Railway Co.*, 80 Iowa 314. In the *Morrisey* case we said:

"Plaintiff having introduced all his evidence and rested, defendant made a motion to instruct the jury to find for the defendant, which, being fully submitted, the court stated that it thought the motion ought to be sustained, and indicated that he would sustain it, but had not yet made the entry on the calendar, nor directed for the defendant. * * * A submission is final only when nothing remains to be done to render it complete. Submission to a jury is not final until the last words of the charge are read, and the jury directed to consider their verdict. *Harris v. Beam*, 46 Iowa 118. There was no final submission of

this case to the jury. They had not received the charge of the court, and as yet had no authority to consider of or return a verdict. Appellant contends that, as the sustaining of the motion for verdict was, in effect, a final disposition of the case, there was a final submission of the case to the court before plaintiff asked leave to dismiss. Surely, the submission of the motion was not a submission of the case to the court; for, whether the motion was overruled or sustained, it remained to submit the case to the jury for verdict.''

In the *Oppenheimer Bros.* case we followed the *Morrisey* case, upon identical facts. It is recited in each case that plaintiff's dismissal occurred after the judge had indicated his opinion, but before he had made any entry upon his docket.

In *McArthur v. Schultz*, 78 Iowa 364, we reversed the lower court for permitting plaintiff to dismiss an equity case after submission thereof to the court, but before decision thereof.

In *Inman Mfg. Co. v. American Cereal Co.*, 155 Iowa 651, we said:

''A cause is not finally submitted until the jury proceeds or has been directed to proceed with its consideration, after the instructions have been read. *Harris v. Beam*, 46 Iowa 118, and *Livingston v. McDonald*, 21 Iowa 160. Nor until the cause, after submission to the court by the parties, is being considered, or has been taken under advisement by the court. *Toof v. Foley*, 87 Iowa 8; *Carney v. Reed*, 117 Iowa 508. Unless the objections to such dismissal interposed by defendant then were sufficient, the dismissal should have been entered, in accordance with plaintiff's request.''

In that case, the defendant had filed his motion for a directed verdict in the trial court, which was overruled. The appeal was from such ruling. We held that the motion should have been sustained. We reversed the case and remanded, with directions. Thereupon, the plaintiff purported to dismiss his case without prejudice. The defendant resisted such voluntary dismissal, and moved for judgment on the merits. The trial court entered judgment on the merits, and we sustained the ruling on appeal. The effect of the ruling below and of our holding here was to sustain the motion to direct a verdict and to enter judgment for defendant, even though no formal verdict was ever signed by the jury or presented to it for signature.

If the district court could properly enter such a judgment after appeal to this court, then necessarily it ought to have done so before appeal to this court.

In *Simpson College v. Executors Mann Estate*, 203 Iowa 447, we construed Section 11505 as to what constituted a "final submission." The record in that case shows that both parties rested, and both parties moved for a directed verdict, and the motion of the defendant was sustained. Thereupon, the defendant asked to reopen the case for further testimony, which request the court refused. On appeal, we sustained the action of the lower court.

*Dunn v. Wolf*, 81 Iowa 688; *Sickles v. Dallas Center Bank*, 81 Iowa 408; *Holtz v. Smith-Morgan Print. Co.*, 150 Iowa 91; and *Carney Bros. v. Reed*, 117 Iowa 508, are cases which tend to the support of the trial court.

It will be observed from our quotation from the *Morrisey* case that what was said upon the necessity of submission to the jury pursuant to the direction of a verdict was not essential to the decision in that case, and was, therefore, in the nature of dictum. It will be observed, also, that we have run counter to such dictum in our later cases. We think our later cases present the sounder view. Where the evidence of plaintiff presents a question for the consideration of the jury, then manifestly the case is not submitted until the last word to the jury has been uttered, and this last word is the direction to the jury to proceed to the consideration of the case, as held in *Harris v. Beam*, 46 Iowa 118. On the other hand, if a plaintiff rests without introducing any evidence which entitles him to go to the jury, and a motion to direct a verdict is presented, argued, and submitted to the court, and decision thereon is announced and entered upon the docket, we see no fair reason for saying that the case was not fully submitted. There was nothing left for the consideration of the court. There was nothing presented which could be considered by the jury. The signing of a verdict under direction of the court is a mere formality, and may be followed or omitted with equal legality. A motion to direct a verdict is the equivalent of a motion to withdraw a case from the consideration of the jury and to dismiss the same. To submit a directed verdict to the jury is a formality which has no other function than to give form to the record. This was necessarily the theory

upon which we sustained the judgment in the *Inman Mfg. Co.* case. See, also, *Crane v. Leclere*, 204 Iowa 1037.

It is to be observed that, in the case before us, the decision of the court had been entered upon the docket, and it was necessarily a finality. In order to permit the plaintiff to dismiss his case, it would have been necessary for the court to set aside the entry and the submission. The court perhaps had some discretionary power in that regard, upon a showing of adequate reason therefor. The appellant did not move to set aside the submission or the entry, nor did he offer any showing which would appeal to the discretion of the court.

We are of opinion, therefore, that the cause had been finally submitted and fully decided, within the meaning of the statute, at the time the appellant's purported dismissal was made. The defendant did file a motion for a new trial, wherein he urged the same contention that he is urging here. In overruling his motion for a new trial, the trial court recited the fact that the plaintiff had previously brought his action, and had previously dismissed, in the face of a motion for a directed verdict, and that he was now pursuing the same course for the second time. In so far as the court had power of discretion, this fact was pertinent. The appellant urges, however, that there was no evidence in the record to sustain this statement by the court. Appellant's abstract has not purported to set forth any of the evidence introduced on the trial. The written views of the court are set forth by him in his abstract. He is not in a position, therefore, to challenge the statements of fact contained in such opinion by merely omitting all the evidence from his abstract.

The judgment of the court below is, accordingly, affirmed. —*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.